N/S/I
NO CV 71
NO CV 30
FEE PAID

Name: Fernando Gastelum
Address: 209 W. 9th Street
Casa Grande, AZ 85122
Telephone Number: 520-560-0927
Email: fernandog8899@gmail.com
Pro se

FILED
CLERK, U.S. DISTRICT COURT
FEB 21 2023
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

FERNANDO GASTELUM,

    Plaintiff,

vs.

SPARC GROUP LLC dba AROPOSTALE,

    Defendant.

Case No.: EDCV23-00303-MEMF(AGRx)

**VERIFIED COMPLAINT**

## PARTIES

1. Plaintiff is a senior citizen with physical disabilities. Plaintiff is missing a leg. Plaintiff uses a wheelchair for mobility and has a specially equipped sport utility vehicle.

2. The missing right leg substantially limits his major life activities of walking, reaching, pushing and other musculoskeletal activities that are normally associated with missing lower limbs.

3. Since 2015, Plaintiff has been using a wheelchair for mobility in locations that are designed for wheelchair use, that is, accessible routes that provide firm, level surface and that are wide enough to navigate his wheelchair.

4. Defendant owns and/or operates 800± clothing stores under the brand name Aeropostale including the following locations including the store at 1 Mills Cir #404, Ontario Mills, Ontario CA 91764 ("Store").

5. The Store is a public accommodation.

1

## JURIDICTION AND VENUE

6. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

7. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

## FACTUAL ALLEGATIONS

8. Plaintiff visited the Store and conducted business there on January 24, 2023. Plaintiff encountered the following barriers to access which denied him full and equal access:
   a. The clear width of accessible routes was less than 36" between displays of merchandise. This condition made it more difficult for Plaintiff to shop between displays of merchandise. This condition violates accessibility standards at 403.5.1 and 307.5.

9. The barriers at the Store directly relate to and impact Plaintiff's disability and interfered with Plaintiff's full and equal enjoyment of the Store.

10. The barriers identified above are easily removed without much difficulty or expense.

11. Plaintiff is often in the area where the Store is located.

12. Plaintiff intends to return to the Store to conduct business there and to review the Store for compliance in the Summer of 2023 or earlier if he is advised that the Store are ADA and Unruh compliant.

13. Until he is advised that the Store is ADA and Unruh compliant, Plaintiff will not return there because he is deterred from shopping there.

14. Plaintiff has satisfied all conditions precedent to bringing this action.

### FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990
(42 U.S.C. section 12101, et seq.)

15. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

16. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

   a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

   b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADA Standards.

   c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the Stores are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

17. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

18. Here, the failure to comply with 42 U.S.C. § 12182 and 28 C.F.R. § 36.211(a) is a violation of the law.

19. Defendant violated the ADA by removing known barriers to accessibility as disclosed above.

**SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT**
(Cal. Civ. Code § 51-53.)

20. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint. The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code §51(b).

21. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code, § 51(f).

22. Defendants' acts and omissions, as herein alleged, have violated the Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered.

23. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

24. By its continuing and unrelenting discrimination against the disabled, including Plaintiff, Defendant is and has been guilty of oppression, malice and despicable conduct as defined in Cal. Civ. Code Article 3, §3294 and elsewhere.

25. "Malice" includes "despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others", including Plaintiff.

26. "Oppression" means despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights.

27. "Despicable conduct" has been described as conduct that is "so vile, base, contemptible, miserable, wretched or loathsome that it would be looked down upon and despised by ordinary decent people." (*Lackner v. North* (2006) 135 Cal.App.4th 1188, 1210.)

28. Plaintiff alleges that voluntary and intentional segregation and discrimination of the type alleged here, and indeed any segregation and discrimination against any member of a disability class, is malicious and oppressive as a matter of law.

4

29. In addition to the actual damages, Plaintiff seeks damages for the sake of example and by way of punishing Defendant in an amount sufficient to deter, make example of, and punish Defendant in the form of punitive damages.

### **PRAYER FOR RELIEF**

30. Plaintiff prays that this Court award statutory damages for each encounter with barriers to accessibility at Defendant's Stores, and for costs and expenses, and provide further relief as follows:

    a. For injunctive relief compelling Defendant to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act; and

    b. For a specific order requiring Defendant to cease and desist from discrimination as defined in 42 U.S.C. §12182; and

    c. For Unruh statutory damages in the amount of $4,000.00 per encounter with inaccessible elements at the Store; and

    d. For trebled damages pursuant to Cal. Civ. Code §3345(b);

    e. For punitive damages pursuant to Civ. Code Article 3, § 3294.

    f. To provide that any non-compliance with 42 U.S.C. §12182 will subject Defendant to a contempt of court citation and additional monetary damages and penalties; and

    g. In the event Plaintiff is required to hire counsel, for reasonable attorney fees, litigation expenses and costs of suit pursuant to the ADA and Unruh.

### **REQUEST FOR JURY TRIAL**

31. Plaintiff requests a trial by a jury.

### **VERIFICATION**

32. Plaintiff verifies under the penalty of perjury that the allegations of fact above are true to the best of his knowledge, information and belief.

DATED THIS 2-12-2023.

_____
Fernando Gastelum

5

